Lacey, J. This was a suit brought by appellee as administrator of B. Gibson, deceased, in assm'npsit based on a promissory note given to the deceased by his son, the appellant, for $200, dated Bov. 15, 1874. The defense set up to the note by special plea was, that the appellant at the request of the deceased in his lifetime went into and took possession of a certain hotel in Gardner, called the Gardner House, and repaired and cleaned the hotel, and from thence until March 24, 1876, managed, kept and ran the hotel as a public inn, in doing which he used the amount of money mentioned in the note and lost and spent another large amount of money of his own, to wdt, §250. That on the 24th of March, 1876, deceased promised and agreed with appellant to cancel and satisfy the note. There was also the general issue. The evidence tends to show that at the time the note was executed, the deceased agreed to deliver the note to appellant in case he did not make enough out of the hotel to pay it; that the deceased was anxious to accommodate the appellee to get some one to take the hotel. That she was then a widow and afterward married the deceased. The appellant did not succeed in the hotel business, and instead of making money he lost what he put into it. The evidence goes strong to show that in consequence of this arrangement and agreement with appellant, the deceased, in his lifetime, did give the note up to Orin, a son of deceased and brother of appellant, to be by him given up to appellant. That Orin neglected to give up the note but put it among his own papers in the bureau drawer where he kept them, he and his father at the time living in the same house, and that he never saw the note afterward until produced on the trial. That afterward the note was found auiong the papers of deceased at his death and came into the hands of the appellee. The verdict and judgment were for appellee. To contradict the claim and proof made by appellant the court, against his objection, permitted the appellee to introduce the evidence of H. C. Gifford and Peter Dolan, to show that the deceased, Hubert Gibson, in his lifetime had made statements in each of their hearing, and not in the presence or hearing of appellant to the effect that he would not give up the note to appellant, but that he must pay it; that he was not grateful for anything deceased had given him and he would not give him the note. This was error. The statements of the deceased out of the presence and hearing of appellant against him were hearsay and not proper, while proper as against the appellee. The theory of the appellee was that in the matter of the delivery of the note to Orin, to be given up to appellant, he was the agent of deceased, who could therefore revoke such agency any time before delivery, at his pleasure, and that he did so. This theory was assumed in the instructions given to the jury. Upon the whole evidence, and especially of that bearing upon and tending to show the conditions upon which the note was given, we are inclined to hold that in case the jury should find from a preponderance of the evidence that the note was given upon the conditions claimed, and that in accordance therewith the event happened entitling the appellant to have the note given up to him, that in such case Orin should be treated as tiie trustee of the former and bound by the terms of the trust, rather than the agent of the deceased, and liable to have his authority revoked by him at any time before delivery of the note. That delivery to Orin was delivery to the appellant. That being for the latter’s benefit, his acceptance should be presumed, and being an execution of a verbal understanding based upon a condition, the delivery to Orin was binding on deceased at the time of delivery. This view of the evidence ought to have been submitted to the jury by the instructions as well as the other theory, that appellant’s claims of facts were not true. For the errors in admitting the improper evidence of statements of deceased against appellant and the assumption in the instructions above named, the judgment of the court is reversed and the cause remanded. Beversed and remanded.