## BEDELL v. SCOGGINS et al.

### No. 18,416; June 27, 1895.

#### 40 Pac. 954.

**Trusts.—Defendant Gave Deceased a Note,** for money which he owed her, by which he promised to pay $400 for her funeral expenses or to return it to her on demand. During her last sickness, deceased handed the note to defendant, saying, "Here is something for you." Held, that an express trust, to expend the money, after her death, for her funeral expenses, was created.[1]

**Trusts.—Where Deceased Gave Money to Defendant** in trust to expend, after her death, for her funeral, and he thus expended it, her administrator cannot recover such sum from him, where all preferred claims have been paid, and it does not appear that the probate court has disapproved of the payments made by him, even admitting that claims against a decedent's estate cannot properly be paid without the sanction of the probate court.

**Evidence.—Declarations of Decedent, not Against Interest,** relative to a transaction with defendant, are not, in an action by her administrator, admissible in his favor.

APPEAL from Superior Court, Colusa County; John F. Ellison, Judge.

Action by I. M. Bedell, administrator of Henrietta R. Cooke, deceased, against J. N. Scoggins and others. Judgment for defendants. Plaintiff appeals. Affirmed.

H. M. Albery and John T. Harrington for appellant; U. W. Brown, W. G. Dyas and Edwin Swinford for respondents.

BELCHER, C.—On the thirtieth day of December, 1892, Henrietta R. Cooke sold and conveyed to the defendant J. N. Scoggins a lot of land in the town of Colusa. The purchase price of the lot was $3,000, and of this sum the defendant at once paid $1,200, by assuming and discharging an indebtedness of Mrs. Cooke in that amount, which was secured by a mortgage on the property. On the 26th of February, 1893, Mrs. Cooke died, and thereafter the plaintiff was duly appointed administrator of her estate by the superior court of

---

[1] Cited with approval in Thomas v. Lamb, 11 Cal. App. 721, 106 Pac. 255, likewise a case of an oral trust created by a dying person.

Colusa county, and qualified as such.   In April, 1893, the
plaintiff commenced this action to recover the sum of $1,800,
alleged to be the balance of the purchase money still due and
unpaid, and to enforce a vendor's lien therefor on the lot.
The answer denied that any part of the purchase money was
due and unpaid, and alleged that the purchase price, to wit,
$3,000, was paid in full on December 30, 1892.   The case was
tried by the court without a jury, and, among other things,
the court found: ''That said sum of three thousand dollars
was fully paid and liquidated by said defendant J. N. Scog-
gins in the manner and according to the agreement and un-
derstanding at the time of said purchase had between said
Henrietta R. Cooke, since deceased, and said defendant J. N.
Scoggins.   That, at the time of the institution of this suit,
there was nothing due or unpaid on account of the purchase
price of said lot of land and premises, but that the whole of
said purchase price had been fully paid and discharged.''
Judgment was accordingly entered that the plaintiff take
nothing by his action, from which, and from an order deny-
ing his motion for a new trial, he appeals.

The appellant contends that the findings were not justified
by the evidence, and that numerous errors of law were com-
mitted by the court in the rejection of offered evidence, and
hence that his motion for new trial should have been granted.
As to $1,400 of the purchase money, there was direct and posi-
tive testimony that that sum was paid to Mrs. Cooke on the
day the deed was executed.   Scoggins testified: ''I paid Mrs.
Cooke $1,400, and gave her my note for $400 on the 30th of
December, 1892—note and receipt—for her place; and re-
leased a mortgage on that place, and took it upon my old
place, making altogether $1,200, and the $1,400, making
$2,600.   My wife was present when the money was paid.   No
one else was present.   The note was, in case she dies, to have
the money ready for her funeral expenses.   This paper [iden-
tifying] is the note, signed by me.   On the opposite side is
a receipt which I drawed up to give her in place of the note,
on the start, and she said, 'Maybe you had better give me a
note.'   The receipt was drawn first.   Then the note was
drawn, on the back of the receipt.   They were drawn on the
30th of December, 1892.''   Mrs. Scoggins testified: ''I am the
wife of the defendant J. N. Scoggins.   Was in Colusa on the
thirtieth day of December, 1892; was at Mrs. Cooke's resi-

dence on that day, when certain moneys were paid to Mrs. Cooke, on the purchase price of this land. I saw Mr. Scoggins pay her the money. He came in and paid her the money. He handed it out by the hundred, and laid it in her lap. He handed out $1,400, and then they were talking about the other $400; and, as they were talking about that, I went out to the old part of the house, and was gone a few minutes, and when I came in Mr. Scoggins was reading the receipt or note, and he gave it to her, and she said that was satisfactory to her.''

J. E. Farris testified: ''I reside in Colusa, and am a carpenter. Was in town in January, this year. Knew Mrs. Cooke in her lifetime. Know about the time of the sale of her property to Mr. Scoggins. I did work on the place. About the 7th of January, I had a conversation with Mrs. Cooke, in her house, concerning the transaction. Q. You may state about that conversation. A. Well, she came to the door and beckoned me, and I went in, and she said, 'Why should I not be one of the happiest women on earth?' I said I didn't know why. She said she had sold her property, and had plenty to keep her as long as she lived, and that she had the use of those two rooms as long as she paid rent on them, and had plenty to keep her as long as she lived, and that she had made necessary arrangements for her funeral expenses. Q. Did she say anything about her receiving her money from the property? And, if so, what did she say about that? A. She said she had received her money.'' To meet and overcome this evidence, the plaintiff proved that, after the sale of her property, Mrs. Cooke deposited no money in the bank at Colusa, and sent none, even through the bank, or by express, or by mail; and that, at the time of her death, she had no money in her possession, except $85, contained in a purse which a Mrs. Wescott brought and delivered to her during her last illness.

It is earnestly urged that, in view of all the circumstances shown to have attended the transaction, the defendant's evidence as to the payment of the $1,400 was wholly incredible, and ought not to have been believed. But while, of course, it seems strange that the money, if paid, should have disappeared as it did, and no one be able to account for it, still, the question as to whether the evidence in regard to the payment was true or false was a matter for determination by the trial court, and, under a well-settled rule, its conclusions cannot be disturbed in this court.

As to the remaining $400, defendant introduced in evidence a receipt and note reading as follows:

"Colusa, December 30, 1892.

"Received from Mrs. H. R. Cooke four hundred dollars, to be used as funeral expenses or returned to Mrs. H. R. Cooke on demand. $400.

"[Signed]   J. N. SCOGGINS."

"$400.                              Colusa, December 30, 1892.

"After her [Mrs. Cooke's] death, or at her [Mrs. Cooke's] demand, I promise to pay the sum of four hundred dollars, in United States gold coin, to the aid and assistance of her [Mrs. Cooke's] funeral expense, or at her [Mrs. Cooke's] demand. Made this 30th day of December, 1892.

"J. N. SCOGGINS, Marshal.

"Colusa, Cal."

Scoggins testified that he drew the receipt first, and offered it to Mrs. Cooke, and she said, "Maybe you had better draw up a note, so in case anything happens to you I will have it to show," and that he then drew the note on the other side of the same paper; that he gave the paper to her, and she said she would return it to him if anything happened; and that, after she was stricken down in her last illness, she handed the paper back to him, saying: "Here is something for you." Scoggins further testified that during her illness Mrs. Cooke gave him $35 in money, stating that she wished him to see that her doctor was paid; and that he had paid the doctor and a small bill for medicines and her funeral expenses, the several sums aggregating $435, for which he produced receipts. Appellant contends that these payments by Scoggins were made without authority, and constituted no part of the purchase money, and therefore no defense to the action; that the adjustment of claims against the estate of a deceased person, whether created for funeral expenses or otherwise, is a matter of exclusive probate jurisdiction; and that, had Mrs. Cooke signed the alleged written authority, it was not within her power to create a valid trust for the payment of any indebtedness after her death, without the sanction of the probate court.

Under our statute, an express trust relating to personal property may be created by parol (Civ. Code, secs. 2221, 2222), and the evidence clearly shows that such a trust was created as to the $400. The delivery and return of the note

were equivalent to a payment of the money by defendant and a return of it to him as trustee. The trust was not extinguished by the death of the trustor, but was intended to be, and apparently was, executed in good faith after her death. Now, conceding that no claim against the estate of a decedent can properly be paid without the sanction of the probate court, still, when, as in this case, preferred claims are paid, and it does not appear that any such claims remain unpaid, or that the probate court has disapproved the payments, we do not think the representative of the estate should be permitted to recover back from the trustee the money so paid. To hold otherwise would require the defendant to pay a second time, and would work out a wrong and injustice, which neither law nor equity will permit, if it can be avoided.

It is objected that, under the answer, this defense was inadmissible, but we think otherwise. The answer alleged full payment on the 30th of December, 1892; and, under that issue, it was competent to show how and when the payment was consummated. During the trial numerous questions were propounded by the plaintiff to his witnesses as to what Mrs. Cooke had said after the sale in regard to its terms, the payments made and to be made, etc. The questions were objected to as irrelevant, incompetent, and immaterial, and the objections were sustained, and exceptions reserved. It does not appear what any of the answers would have been; but, assuming that they would have tended to support the theory of plaintiff, they were clearly inadmissible, the declarations not having been made against the interest of the declarant: Code Civ. Proc., secs. 1853, 1870, subsec. 4. As said in Fischer v. Bergson, 49 Cal. 294: "These declarations were not in disparagement of the title of the declarant. They were not offered by the defendant, but by the plaintiff himself, to strengthen his own claim. They had no greater force as evidence than they would have had had the decedent brought this action in his lifetime, in which case the inadmissibility of such declarations would be apparent." We find no prejudicial error in the record, and advise that the judgment and order be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.