CAFFEY *v.* ALLISON.

## Opinion delivered February 24, 1913.

1. EVIDENCE—SELF-SERVING DECLARATIONS—ADMISSIBILITY.—In an action by the heir against defendant to recover $200 due on a note alleged to have been executed by defendant to her father, testimony that deceased declared to the witness before his death, that he held defendant's note for $200 in his favor, is incompetent testimony, being a self-serving declaration merely, and a narrative of a past occurrence, which can not be received as proof of the existence of such occurrence.  (Page 156.)

2. WITNESSES—WIFE INCOMPETENT TO TESTIFY FOR HUSBAND.—Under section 3095 of Kirby's Digest, a wife is incompetent to testify for her husband except in regard to some business transacted by her, for him, as his agent, and testimony of a wife is properly excluded, which is not in reference to any business transaction done by her as his agent.  (Page 157.)

3. BILLS AND NOTES—BURDEN OF PROOF.—When plaintiff sues defendant on a note alleging the same to be in defendant's possession, that issue becomes material when defendant denies that he executed the note, and the burden of proof is on plaintiff to establish it.  (Page 157.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

### STATEMENT OF FACTS.

Juanita Allison, by her next friend, C. G. Reed, instituted this action in the circuit court against I. D. Caffey to recover a balance of $200 alleged to be due on a note executed by Caffey in favor of Kizer Allison, deceased, her father, for the payment of a balance due on certain lands.  The complaint alleges that the note was executed on January 25, 1910, and delivered to the wife of I. D. Caffey who was a sister of Kizer Allison and that said note was lost or destroyed or in the possession of the defendant.  The defendant denied the execution of the alleged note and alleged that he had paid the amount due on the land.

J. H. Benson, a witness for the plaintiff, testified substantially as follows:  I was a justice of the peace in Lonoke county in 1910.  Kizer Allison now deceased sold his undivided interest in a certain tract of land to the de-

fendant Caffey. I wrote the deed. I understood the purchase price was $400; $200 to be paid down and the balance in ten or twelve months. I remember writing a note for $200, payable to Kizer Allison, and signed by the defendant Caffey. My recollection is that at the direction of Allison I handed the note to his sister, Mrs. Caffey, the wife of the defendant. The note was given for the balance due on the land.

Mrs. Mamie Allison, mother of Juanita Allison, testified substantially as follows: Kizer Allison was my husband and died on the 3d of March, 1911. After his death Caffey said that the would pay everything that he owed us. He did not owe anything except the $200 note given for the balance of the purchase price of the land sold to him by my deceased husband.

C. G. Reed testified substantially as follows: A short time before his death Kizer Allison purchased a horse from me. He wanted to put up as collateral for the purchase price a $200 note which he said the defendant had executed to him which was in the possession of his sister, the defendant's wife.

Other witnesses testified that they heard Kizer Allison say sometime prior to his death that he had a note for $200 executed in his favor by the defendant, and that he had left the note with his sister, the defendant's wife.

The defendant Caffey admitted that he purchased the land from Kizer Allison and agreed to pay $400 for it. He said that he had $200 which he paid to Allison, and executed a note and mortgage to Bud Rouse for $200 on the same day and that he also paid this $200 to Allison. He denied that the note in question was ever executed and said that the only note he executed on that day was a note to Rouse for the $200 to get the money to finish paying for the land.

The jury returned a verdict for the plaintiff and the defendant appealed.

*Charles A. Walls,* for appellant.

The testimony of witnesses Young, Reed, Talbert and Mrs. Allison, wife of deceased, was incompetent and irrelevant, too remote in point of time to become part of the *res gestae,* and does not explain or illustrate the character of the original transaction upon which this suit is based.   58 Ark. 168; 51 S. W. 230; 46 Conn. 461; 48 Ark. 261; 32 N. H. 358; 75 Ark. 463; 73 Ark. 152.

Their testimony was hearsay merely and inadmissible.   10 Ark. 638; 16 Ark. 628.

The assertion of the existence of a fact by a person not called as a witness and not under oath is not evidence, but becomes merely hearsay.   Rice on Evidence, 490; 16 N. Y. 381.

The statements of these witnesses were made in the absence of appellant, and when deceased was not under oath, and, even if they had been in writing, would have been incompetent and objectionable as hearsay.   16 Cyc. 1214.

A witness is not at liberty to testify to facts derived from unsworn statements of others in whole or in part and testimony so founded should be excluded. 16 Cyc. 1196.

All of the statements made by Kizer Allison were self serving and incompetent.   124 Ind. 507; 29 Neb. 76; 7 Hill 361; 6 Hill 405.   A declaration that is self serving continues to be incompetent either in favor of the declarant, or his estate.   16 Cyc. 1214.

The testimony of appellant's wife was competent and any statement made by her as to the transaction that took place in the presence of deceased and her husband while the contract was being entered into and considered is clearly admissible.   75 Ark. 218; 30 N. Y. 330.

The proof on the part of appellee was sufficient to constitute agency on the part of the wife, and complaint will be considered to have been amended to conform to the proof.   62 Ark. 262; 98 Ark. 312.

*James B. Reed,* and *Terry, Downie & Streepey,* for appellee.

The testimony of appellee's witnesses regarding statements made by her father were statements made relative to *possession* of personal property, and were made when there could have been no *lis mota,* and were clearly admissible. 20 Ark. 592; 34 Ark.. 720.

A wife can not testify for her husband, except where she acts as agent for him (Kirby's Digest, § 3095), and the testimony shows she was not in any manner acting as agent for her husband, but if any agency existed she was agent of her brother. 77 Ark. 431; 132 S. W. (Ark.) 1000.

HART, J., (after stating the facts). The testimony of witness Reed and others as to the declarations made by Kizer Allison that the defendant had executed the note in his favor and that he was the owner of it was not competent evidence. The declarations were in the nature of a narrative of a past occurrence and can not be received as proof of the existence of such occurrence. These declarations were not in disparagement of his title but were self-serving declarations merely. They were offered by the plaintiff to strengthen her claim. Decedent's declarations were no more evidence for the plaintiff here than they would have been for him in case he had lived and been the plaintiff in this action, and it is apparent that he could not have proved his own mere declarations to third parties of his ownership in order to establish his title to the note against the defendant. The testimony was permitted to be given to the jury as competent and proper for their consideration. If the testimony was believed, it could not fail to have a prejudicial effect against the defendant and to weaken the defense upon which he was insisting. Therefore, the admission of such evidence was prejudicial to the rights of the defendant. *Brown, Admr. v. Kenyon,* (Ind.) 9 N. E. 283; *Bedell* v. *Scoggins,* (Cal.) 40 Pac. 954; *Royston* v. *Royston, Admr.* 29 Ga. 82; *Gibson* v. *Gibson,* 15 Ill.

App. 328; *Wilson* v. *Wilson,* 6 Mich. 9; *Ward* v. *Ward,*
37 Mich. 253; *Marcy* v. *Barnes,* 16 Gray, Mass. 161.

Counsel for defendant insists that the court erred
in refusing to permit the wife of the defendant to tes-
tify that her husband did not execute the note in ques-
tion. There was no error in this. Under section 3095,
Kirby's Digest, a wife is incompetent to testify for her
husband except in regard to some business transacted
by her for him as his agent. The wife in this case was
not the agent for her husband and the excluded testi-
mony was not in reference to any business transaction
done by her as his agent. *Taylor* v. *McClintock,* 87 Ark.
243, and cases cited. *St. L., I. M. & S.-Ry. Co.* v. *Court-
ney,* 77 Ark. 431.

Counsel for the defendant also assigns as error the
action of the court in refusing and giving instructions.
The theory of the plaintiff was that the defendant
executed the note in favor of her father and that her
father left the note with his sister, who was the wife of
the defendant and that the note had never been paid.
On the other hand the defendant denies that he ever
executed the note. The plaintiff alleged that the note
was in the possession of the defendant and that was
denied. It thus became a material issue and the burden
of proof was on the plaintiff to establish it. *Norris* v.
*Kellogg,* 7 Ark. 112; *Williams* v. *Cubage,* 36 Ark. 307;
*Fields* v. *Anderson,* 55 Ark. 546; *McLain* v. *Duncan,* 57
Ark. 49.

Inasmuch as the judgment must be reversed for the
error in admitting the testimony indicated above, it will
not be necessary to take up the instructions and discuss
them in detail. We deem it sufficient to say that the
court had in mind the principles of law just announced
in giving instructions to the jury. The instructions
given were inartistically drawn in that it might be in-
ferred from them that there was an indication on the
part of the court that the note in question had been
executed, when this was the principal issue to be deter-
mined by the jury. We do not mean to hold that the

instructions as given are erroneous, but call attention to this defect in their verbiage in order that it may be obviated at the next trial.

For the error in admitting the testimony of the declarations of Kizer Allison in regard to his ownership of the note, the judgment must be reversed and the cause will be remanded for a new trial.