[No. 3,869.]

JOHN FISCHER, ADMINISTRATOR OF THE ESTATE OF CONRAD KUCKEL, DECEASED, *v.* OLE BERGSON ET AL.

DECLARATIONS AS EVIDENCE.—The administrator of an estate, who brings an action against one claiming land adversely to the estate, to quiet the title thereto, and to obtain a conveyance thereof to the estate, cannot introduce in evidence the declarations of his intestate, made during his life time, to strengthen his own claim of title.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Conrad Kuchel was one of the original incorporators and stockholders of the Los Angeles Vineyard Society, a corporation organized in 1857, for the purpose of manufacturing wines. The corporation had acquired considerable real estate, portions of which had been subdivided into fifty vineyard lots, whereon vines had been planted and cultivated. About the year 1860, the society, in anticipation of dissolution, made a partition and division among its stockholders, of the vineyard lots, and a corresponding number of building lots, whereby Kuchel became entitled, upon payment of his assessments, to a vineyard lot containing twenty and four-tenths acres, and to a building lot. Kuchel paid his assessment, $600, on the 16th day of January, 1860, and the corporation executed to him and defendant Bergson, a deed of the lots. Kuchel, at the same time, gave Bergson his note for $600. On the 2d day of February, 1863, Kuchel and his wife executed to Bergson a deed of the two lots. Kuchel remained on the lots, cultivating them until October 6, 1870, when he died. On the 7th day of November, 1870, Bergson was appointed the administrator of his estate. On the 16th day of September, 1872, he resigned his office as administrator, and the plaintiff was appointed in his place. It was claimed in the complaint, that the deed of the corporation was made to Bergson and Kuchel jointly, at Kuchel's request, to secure Bergson for the promissory note of $600, and that the subsequent deed of Kuchel and wife to Bergson, was also intended to secure the latter for money advanced to Kuchel, and that the deeds were intended as mortgages, and that Bergson had been paid in full. It was alleged that he had sold parcels of the land, and rented other parcels, and the persons to whom he had sold and rented, were made defendants under allegations that they bought and rented with a knowledge of the facts. The plaintiff asked that an account be taken, and that the defendants be decreed to make conveyances of the property. The plaintiff called as a witness one Davis, who testified that he became acquainted with Kuchel in

1869. The plaintiff then asked the witness if Kuchel ever made a declaration in his presence, as to the character of his claim while in possession of the land. The defendant objected as irrelevant, but the Court overruled the objection. The witness said:

"He frequently told me that the land belonged to him, but that his son-in-law had a mortgage on the land to secure a debt that he owed him; and that he could not sell any land without his son-in-law's consent; and that he had agreed not to sell any without his consent."

Bergson was Kuchel's son-in-law.

Special issues were submitted to a jury, who found the facts substantially as alleged in the complaint, in respect to the mortgage. The Court then found that there was due the defendant $1,304 12, and decreed that he execute to the plaintiff, as administrator, a deed of the land still remaining in hands, on the payment of that sum. The defendant appealed from the judgment and from an order denying a new trial.

*O'Melveny & Hazard,* for the Appellant.

If anything can be considered as settled, it is, that the statement of Kuchel, made in his own interest, in the absence of Bergson, cannot be considered competent evidence, when drawn out by his legal representative.

No issue in the pleadings justifies it; no curiosity of the Court or plaintiff's counsel can sustain it. Code Civil Procedure (Sec. 1870, Div. 4), allows declarations against, not for the party; section 1849 allows declarations of persons, while holding the title, against those claiming under them; section 1853 allows declarations against his pecuniary interest, as evidence against his successor in interest. (See 1 Greenleaf's Evidence, Secs. 169 and 171.)

*Glassell, Chapman & Smiths* and *Chapman & Hutton,* for the Respondent, argued that the question put to Davis was a proper one, and cited *Phelps* v. *McGloan,* 42 Cal. 298; and *Rollo* v. *Navarro,* 33 Cal. 459.

By the Court, McKinstry, J.:

The District Court should have sustained the objection to proof of the declarations of Kuchel, that he occupied the land as owner, and that the conveyance to Bergson was in fact a mortgage. These declarations were not in disparagement of the title of the declarant. They were not offered by the defendant, but by the plaintiff himself to strengthen his own claim. They had no greater force as evidence than they would have had, had the decedent brought this action in his life-time, in which case the inadmissibility of such declarations would be apparent.

Judgment and order denying new trial reversed, and cause remanded.

Mr. Justice RHODES did not express an opinion.