[No. 12001. Department Two. — August 30, 1887.]

F. M. HAUSLING, RESPONDENT, *v.* F. H. HAUSMAN ET AL. F. H. HAUSMAN, APPELLANT.

EXECUTION SALE — MOTION TO SET ASIDE — AGREEMENT TO PURCHASE FOR BENEFIT OF JUDGMENT DEBTOR — EQUITY. — A motion was made to set aside the sale, of a mining claim, under a judgment foreclosing a laborer's lien, to restrain the sheriff from executing a deed of the property, and to enter satisfaction of the judgment under which the sale was made. In support of the motion, the defendant filed an affidavit showing that at the time of the commencement of the action he was the owner of the mining claim against which the plaintiff and others had filed laborers' liens; that thereafter he entered into a verbal agreement with the plaintiff, by the terms of which he agreed to confess judgment in favor of the plaintiff, which was not to be carried into effect without his consent; in consideration of which the plaintiff agreed to buy in the claims of the other lien-holders, the defendant furnishing the money therefor; and on this being accomplished, the defendant was to convey to the plaintiff the mining claim, and the plaintiff was then to dismiss the action, and reconvey to the defendant an undivided nine-tenths of the claim. The affidavit further alleged a performance by the defendant of his part of the agreement; but that the plaintiff, after receiving the deed, had repudiated the agreement, and claimed to be the sole owner of the mine. *Held*, that the motion was properly denied, and that the remedy of the defendant was in equity to procure the enforcement of the alleged agreement.

APPEAL from an order of the Superior Court of Placer County refusing to set aside a sale under execution.

The facts are stated in the opinion.

*W. B. Lardner,* and *Otto Tum Suden,* for Appellant.

*C. A. & F. P. Tuttle,* and *John M. Fulweiler,* for Respondent.

BELCHER, C. C.—This is an appeal from an order made by the Superior Court of Placer County, refusing to vacate and set aside the sale of a certain mining claim under a decree of foreclosure of a laborer's lien, to restrain the sheriff from executing a deed of the property, and to enter satisfaction of the judgment and decree under which the sale was had. The decree was made and entered on the 21st of May, 1886, upon the complaint of plaintiff and the answer of the defendant, Hausman, in which answer all the facts alleged in the complaint were admitted, and judgment and decree confessed and prayed for in accordance with the allegations and prayer of the complaint. The sale under the decree was made on the 12th of July, 1886, the respondent being the purchaser, and the motion leading to the order appealed from was heard and denied on the 23d of November, 1886.

In support of his motion, defendant, appellant here, presented and filed his affidavit, from which it appeared that he was the owner of the mining claim, and that on or about the 1st of August, 1885, he and respondent entered into a verbal agreement, by which the respondent was to superintend the working of the mine at a fixed salary per month, and was to purchase a one-tenth interest therein at a fixed sum, to be paid for by his labor; that after August 1st the mine was to be worked jointly by the parties, and the profits and losses were to be divided between them in proportion to their respective interests; that the appellant was to furnish all the money required to put the mine upon a paying basis, and the respondent was to be debited with the one-tenth part

thereof; that both parties performed the conditions of the contract until about the 1st day of February, 1886; that between the 1st of August and the 1st of February the mine was worked at a great pecuniary loss, and the respondent's share of the loss was more than sufficient to balance the amount due him for labor; that on the 1st day of February the respondent filed a claim of lien upon the mining claim for the labor performed thereon by him, and thereafter in due time commenced the action to foreclose his lien, in which the decree in question was rendered; that various other parties filed liens upon the claim for labor performed by them, and in due time commenced a joint action to foreclose their liens; that the parties then made a new verbal agreement, under which the appellant was to confess judgment in favor of respondent as prayed for in his complaint, the judgment, however, not to be carried into execution without appellant's consent, and respondent was to buy in the claims of the other lien-holders, the appellant furnishing the money therefor, and on this being accomplished, the appellant was to convey to respondent the mining claim by a good and sufficient deed, and the respondent was then to dismiss his action and reconvey to appellant the undivided nine-tenths part of the claim; that in accordance with this agreement the claims of the other lien-holders were purchased, and the appellant then, on or about the 20th of April, 1886, conveyed the mining claim to respondent, without any consideration other than that here set forth, and the respondent accepted the deed and caused it to be placed on record. The affidavit then further states that having received and recorded the deed, respondent repudiated his agreement, set up a claim to the entire mine adverse to appellant, under the latter's deed, and that he now holds the mine adversely to appellant, and claims to be the sole and only owner thereof.

In answer to the appellant's affidavit, the respondent

read two affidavits, one made by his attorney, John M. Fulweiler, and the other by himself. In his affidavit Fulweiler denies the statements of appellant about dismissing the action and not enforcing the judgment, and says that it was distinctly understood and agreed between the parties that the action was not to be dismissed, but that judgment might be entered and enforced. The respondent also denies that the action was to be dismissed, and says that the appellant voluntarily executed and delivered to him the confession of judgment, and that it was then and there mutually agreed by and between them that the judgment and decree of the court should be entered up in accordance with the confession, and within a reasonable time thereafter the amount of the judgment should be paid to respondent by appellant; that pending such payment, the execution of the judgment was to be stayed, and upon payment it was to be satisfied; that shortly thereafter appellant refused to pay, as agreed, the amount due respondent, and that by reason of such failure and refusal, respondent, on the 21st of May, 1886, procured the entry of judgment upon appellant's confession, as he of right was entitled to do.

It further appears from the bill of exceptions that on the hearing of a similar motion, made on the 6th of July, 1886, to set aside the same judgment, the attorneys for appellant admitted in open court that no part of the indebtedness claimed by respondent, and for which the judgment had been confessed and entered, had been paid, but the same was then due respondent from appellant.

Upon this showing, we cannot say that the court erred in refusing to set aside the sale, and to order satisfaction of the judgment to be entered. There was a manifest conflict as to some of the material facts of the case, and beside, the real contest seems to be in reference to the title to the mine. Counsel for appellant contend that when respondent accepted a deed of the property,— and

that it is an admitted fact that he did so,—his debt was satisfied, his lien lost or merged, and he took and thereafter held nine tenths of the title in trust for appellant. It is further said that respondent has repudiated his trust, and set up an adverse claim to the whole property under his deed; and to permit him now to receive the sheriff's deed would tend to cloud appellant's title, and render it more difficult for him to establish his rights.

Undoubtedly, if the facts be as claimed by appellant, the purchase of the property by respondent under his decree gave him no greater rights than he already had. The sheriff's deed would not confer any new rights, or extinguish or affect appellant's equities. But conceding this, what was appellant's remedy? He admits that the legal title is in respondent under the deed of April 20, 1886. Now, if the sale were set aside and the judgment satisfied, the title would still be in respondent, and appellant would still be required to bring his action in equity to compel the conveyance to him of the nine-tenths interest which he claims. Courts do not ordinarily deal with questions by piece-meal, and beside, the matter of preventing or removing clouds upon titles is one of purely equitable cognizance.

Upon the showing made, it seems to us the appellant should have commenced an action in a court of equity, where all the questions involved could have been tried, and the rights of both parties fully ascertained and determined.

We conclude, therefore, that the order appealed from should be affirmed.

Hayne, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order is affirmed.