[No. 12785. In Bank. — February 26, 1889.]

FREDERICK H. HAUSMAN, APPELLANT, v. FERDINAND M. HAUSLING, RESPONDENT.

ACTION TO COMPEL CONVEYANCE — EVIDENCE — LETTERS. — In an action to compel a conveyance, it is error to admit in evidence, on behalf of the defendant, letters written by himself to a third person for the purpose of explaining that he held the title as security for indebtedness due from the plaintiff, and to enable him to mortgage it therefor.

APPEAL — INJURY PRESUMED FROM ERROR. — All errors are presumed to work injury to the party against whom they are committed, unless it clearly appears that no injury could have resulted.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The facts are stated in the opinion, and in the former case between the same parties therein referred to.

*Otto Tum Suden,* and *W. B. Lardner,* for Appellant.

*J. M. Fulweiler,* and *F. P. Tuttle,* for Respondent.

BELCHER, C. C.—This is a suit in equity to compel the defendant to convey to plaintiff an undivided nine-tenths part or interest in a certain mining claim situate in Placer County. The court below gave judgment for the defendant and denied a motion for new trial, and the plaintiff appealed from the judgment and order.

The facts of the case, as shown by the pleadings, are substantially the same as those set forth in the affidavits which were under review in *Hausling* v. *Hausman,* 73 Cal. 276. It need only be added that defendant by his answer denied that he ever agreed to purchase from the plaintiff a one-tenth interest in the mining claim, or ever became liable to pay any part of the losses resulting from working the claim, or that the deed from plaintiff to him was made upon the terms and conditions stated in the complaint, and he alleged that the deed was made "to prevent other creditors from attaching plaintiff's property, and as a further security upon said indebtedness of $1,425, due as aforesaid to defendant from plaintiff."

At the trial the plaintiff was a witness, and testified to all the facts as alleged in his complaint. He also called three other witnesses, and each of them testified that in the fall of 1885 defendant several times told witness he owned a one-tenth part or share in the mine, and further, that in the spring or early summer of 1886, defendant had said that he had a deed to the mine from plaintiff, and wished to borrow fourteen hundred dollars, and secure the payment thereof by a mortgage on the mine, and would pay fifty dollars commission to any one who would help him to do so.

In defense the defendant's deposition was read in evidence, and in it he stated the facts to be as alleged in

his answer, and among other things that "the deed of the property was given to me as a further security. . . . . I never at any time claimed to be the owner of the property by virtue of the deed made to me by Hausman, but always considered the same as security for the payment of the $1,425 sued for by me, and so always told Hausman." Counsel then offered in evidence two letters written by defendant in April, 1886, "solely as explaining why the defendant had sought to mortgage the claim, as testified to by plaintiff's witnesses, and as explanatory of the deed defendant held of the mine."

Counsel for plaintiff objected to the letters, on the ground that they were incompetent, immaterial, and irrelevant, but the court overruled their objections, and admitted them in evidence. One of the letters reads as follows:—

"SAN FRANCISCO, April 25, 1886.

"JOHN M. FULWEILER, Auburn, Cal.,—*Dear Sir:* If you can find me a party in Auburn, or any place, who will take a mortgage on the 31 property for the amount of my claim ($1,425), I will pay you $50 for doing so. I am anxious to leave here as soon as possible. Address me and send all papers to care of M. Kœnig, No. 1527 Dupont Street, San Francisco. Respectfully yours,

"F. M. HAUSLING."

The other letter was dated April 12th, and addressed to the same party. Among other things it says: "A deed has been sent up for record of all Hausman's rights, title, and interest to me, and as it is the wish of those interested to stop all further proceeding, I want the case of Luce *et al.* dismissed, so as to avoid any further expense. Concerning my suit, you will take no further steps whatever; let it stand *in statu quo.*"

The court found that the defendant never at any time made the contract alleged in the complaint, to purchase one tenth or any part of the mine, and as to the deed, which he received from the plaintiff as follows:—

"8. The deed mentioned in paragraph 11 of the complaint was made for the purpose of enabling the defendant to borrow money on the mine to pay his judgment enforcing a lien on the mine, but he was unable to do so, and enforced said judgment by a sale of the mine on execution."

It is entirely clear that the letters were not admissible in evidence, and that the objection to them should have been sustained. A litigant is not permitted to strengthen his case by his own declarations, whether written or verbal. They may be used against him, but not for him. (Code Civ. Proc., sec. 1870, subd. 2.) Nor can we say that the error was harmless, as claimed for respondent. All errors are presumed to work injury to the party against whom they are committed, unless it clearly appears that no injury could have resulted. This does not appear. On the contrary, the finding as to the deed, of which the letters were intended to be " explanatory," seems not to be in accord with the averment of the answer or the testimony of the defendant, or any other testimony found in the record. It must, therefore, have been based upon the letters, and without them a different conclusion, so far as we can see, might have been reached.

The other points do not require extended notice. We think the findings sufficiently covered the issues presented, and that there was no error in refusing to strike out a part of defendant's deposition.

We advise that the judgment and order be reversed, and cause remanded for a new trial.

FOOTE, C., and HAYNE, C., concurred.

The COURT. —For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.