[Sac. No. 1855.   Department Two.—September 25, 1911.]

EDSON & FOULKE COMPANY (a Corporation), et al., Appellants, v. LEONA J. WINSELL et al., Respondents.

WATER-RIGHTS—PARKS CREEK—FINDINGS SUSTAINED BY EVIDENCE.—In an action to settle conflicting claims to the waters of Parks Creek, a tributary of Shasta River, findings declaring a prior right in the defendants to three hundred inches, based upon prescription and beneficial use, and that the use of such waters by the plaintiffs was permissive and in subordination to defendants' rights, are held to be supported by the evidence.

ID.—EVIDENCE—ACTS AND CONDUCT OF DITCH TENDER—NOTICE TO AGENT OF CLAIM OF PRESCRIPTIVE RIGHT.—In such action, evidence of the acts and conduct of the plaintiffs' ditch tender, in requesting permission of the defendants to use the water, and his declarations to the effect that he would only take the water under their license, is admissible, as imparting notice to the plaintiffs, in support to the defendants asserted prescriptive right.

ID.—NOTICE TO AGENT WITHIN LINE OF DUTY IS NOTICE TO PRINCIPAL.—Notwithstanding how lowly may be the position of the agent or servant of a company or corporation, if, within the limits of his assigned duty, he has notice, or is charged with notice of a particular matter or thing, appertaining to that duty, that notice is notice to his principal.

ID.—CONVERSATION WITH DITCH TENDER—ASSERTION OF CONTINUOUS RIGHT.—Evidence is admissible in such action, of a conversation between one of the defendants and the ditch tender of the plaintiffs, in which the former expostulated with the latter for interfering with the water, and the latter promised not to do so again.  The evidence was admissible as showing the continuous assertion of a right, made to the agent of the adverse claimant.

APPEAL from an order of the Superior Court of Siskiyou County refusing a new trial.   John F. Ellison, Judge presiding.

The facts are stated in the opinion of the court.

Gillis & Gillis, Taylor & Tibbe, and Jas. R. Tapscott, for Appellants.

Sweeney & Tillotson, Charles A. Garter, James D. Fairchild, and W. A. Richardson, for Respondents.

HENSHAW, J.—This action was brought to settle conflicting claims to the waters of Parks Creek, a tributary of Shasta River, plaintiffs alleging their ownership of or their right to water from the Shasta River canal or Big Ditch, a canal originally carrying water for mining purposes, later for agricultural and domestic purposes. This canal took its waters from the Shasta River, carrying them down stream until it crossed Parks Creek. The supply from the Shasta River was fed by a ditch which tapped the waters of Parks Creek about a quarter of a mile above the point where the canal crossed the creek. This "lead" ditch carried the waters of Parks Creek into the main canal, and thence on to the lands which it supplied. The defendants are owners of farming lands on Parks Creek, which lands were irrigated by waters from the creek. The water system for supplying defendants' lands comprised one ditch above the lead ditch of plaintiffs and numerous other ditches below this lead ditch. Plaintiffs, in effect, conceded to defendants the right to the first 40 inches of the water in Parks Creek, measured under a four-inch pressure and claimed for themselves all of the next one thousand inches. They asserted title by appropriation through themselves and their predecessors, initiated more than forty years before the commencement of the action. The complaint charged defendants with a disturbance of these rights and sought an injunction. Respondents denied the alleged or any interference with the rights of plaintiffs, joining issue upon all of these matters, and further asserted in themselves the right by prior appropriation to the first six hundred inches of water flowing in Parks Creek. They pleaded the right to the same amount of water by prescription; denied the use by plaintiffs of any part of this six hundred inches excepting under their permission from time to time given. By cross-complaint a prescriptive right and title to the same amount of water was pleaded, which water it was alleged was and had been for many years

beneficially employed by them for agricultural and domestic purposes. Under this cross-complaint, they sought affirmative relief. The cause was tried by the court without a jury and resulted in a judgment denying plaintiffs relief, and decreeing to defendants, against the plaintiffs, the right to take and use at all times the first three hundred inches of the water of Parks Creek. It further decreed to plaintiffs the right to take all in excess of three hundred inches up to one thousand and forty inches, after which the parties were entitled to use any excess over this one thousand and forty inches in moieties. Following this judgment, plaintiffs moved for a new trial and have appealed from the order denying their motion.

Their principal attack is directed against the findings declaring a prior right in defendants to three hundred inches, based upon prescription and beneficial use, with further findings in the same connection, to the effect that the use of the waters of Parks Creek by plaintiffs was permissive and in subordination to defendants' rights. But the evidence upon which these findings are based, though in conflict, is amply sufficient to sustain them. It would be unprofitable to review the testimony given witness by witness, and therefore limiting the exposition to the general and essential features, it appears that defendants and their predecessors in interest had, as early as 1856, completed the ditches and used the waters of Parks Creek on their lands; that the capacity of these ditches continued to be the same as when first constructed; that the ditch above the intake of plaintiffs' lead ditch had a capacity itself alone of three hundred and seventy inches, and the capacity of the lower ditches was at least seven hundred inches more; that the defendants always asserted a first right against plaintiffs to the waters of Parks Creek, and vigorously resented any invasion of their rights to the water, and promptly restored the water to Parks Creek, that it might flow to their ditches whenever interference by plaintiffs was known to them; that in times of high water all parties had an abundance, but when Parks Creek ran low defendants always insisted upon the first right to all the water which they required; that their use thus certainly amounted to three hundred inches; that at times the ditch tender of plaintiffs or their predecesors would ask permission to divert the waters of Parks Creek into his ditch, and if the defendants were not

CLX Cal.—50

at that time requiring the water or all of it for their own use, they assented to such diversion, but always insisted upon and maintained their first right to that use. In view of the fact that the upper ditch above the intake of plaintiffs lead ditch itself had a capacity of three hundred and seventy inches, and that there can be no serious question as to the prior right of defendants to the continued use of the full capacity of that ditch, the award to them of three hundred inches in the aggregate from all the ditches certainly comes well within the bounds set by the evidence.

Complaint is made of many of the court's rulings in the reception and rejection of evidence. Some of these may be grouped and considered collectively. The most serious complaint is made over the admission of evidence touching the conduct of Hughlett who, appellants assert, was their ditch tender, and nothing more than a ditch tender. The obnoxious evidence went to requests made by Hughlett of the defendants for permission to use the water of Parks Creek, and to his declarations to the effect that he would only take the water under their license. It is urged that this evidence was offered in an attempt to bind the principals by the declarations of an agent manifestly without authority or capacity to bind them, and numerous cases announcing this undisputed principle are cited. But the evidence was admissible without regard to the question whether or not the admissions of Hughlett could or would bind his principals. Indeed it may freely be conceded that Hughlett's agency was not of such a character as would give his utterances any such force or effect. Hughlett, however, testified that he was in charge of the ditch for the plaintiffs "as their agent, managing it for them." Amongst his duties was that to see that the canal was supplied with the water belonging to it. In the assertion and maintenance of their hostile claim of title, it was not encumbent upon defendants to seek out the plaintiffs personally and challenge their right to the use of the water. They were maintaining open, notorious, hostile, and adverse possession against the plaintiffs when they refused to allow their accredited agent to take the water which they, the plaintiffs, claimed was their own. Certainly notice to this agent that he could not use the water, was notice to his principals, since it was the very duty of the agent to see that he did get the water, and, upon

failure, his duty to notify his principals of the cause. The mere submission by the agent to the asserted rights of defendants did not bind the plaintiffs in the sense that it amounted to a recognition of those rights by them, but it did bind the plaintiffs to the extent that the defendants were doing all that the law called upon them to do in the open declaration, assertion, and maintenance of their hostile right and title. When Hughlett, as the evidence is, came to the defendants, asking permission of them to use their waters in Parks Creek, it was not encumbent upon the defendants to convey any other notice to the plaintiffs of the nature of their asserted claim. It matters not how lowly may be the position of the agent or servant of a company or corporation, if, within the limits of his assigned duty, he has notice, or is charged with notice of a particular matter or thing, appertaining to that duty that notice is notice to his principal. If the ditch which he was charged with tending should have given evidence of breaking away and flooding and devastating another man's land, it could not successfully be contended that the principals did not have this notice, whether actually conveyed to them or not, within a reasonable time after the agent himself had acquired the knowledge. (*Crowley* v. *Genesee Mining Co.*, 55 Cal. 273; *Bundy* v. *Sierra Lumber Co.*, 149 Cal. 773, [87 Pac. 622]; *State ex rel Cass Co.* v. *Missouri Pacific Ry. Co.*, 149 Mo. 104, [50 S. W. 279]; *Evansville etc. R. R. Co.* v. *McKee*, 99 Ind. 519, [50 Am. Rep. 102].) For these reasons, and not because the request of Hughlett to be allowed to use the water of Parks Creek in any other way bound the plaintiffs, the evidence touching the acts and conduct of Hughlett was admissible.

Evidence was admitted of a conversation between A. J. Caldwell and Hughlett, and it is said that this evidence was improperly admitted as being self-serving declarations of a party in interest, upon the authority of the Code of Civil Procedure, section 1870, subdivision 2, and such cases as *Poorman* v. *Miller*, 44 Cal. 270; *Fischer* v. *Bergson*, 49 Cal. 294; *Hausman* v. *Hausling*, 78 Cal. 283, [20 Pac. 570]; and *Bollinger* v. *Wright*, 143 Cal. 292, [76 Pac. 1108]. The evidence was to the effect that upon one occasion when Hughlett had turned the waters of Parks Creek into plaintiffs' ditch, Caldwell immediately caused them to be turned back, and, meeting Hughlett,

threatened him with violence if he ever interfered with the water again, saying, "If Edson wants that water in that ditch you send him up there, but don't you or any other hired man go up there and meddle with that water." Hughlett apologized and promised never to interfere with the water again. But this is not the self-serving declaration, evidence of which the law forbids. This is evidence of the continuous assertion of a right, the assertion being made to the agent of the adverse claimant. It was admissible.

No other of the rulings upon the admissibility of evidence seems to call for specific discussion, and, for the reasons given, the order appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.