[Civ. No. 6260. Second Appellate District, Division Two.—November 4, 1929.]

CHARLES M. WOODS COMPANY (a Corporation), Respondent, v. H. B. ARMSTRONG et al., Defendants; W. D. EDWARDS, Appellant.

Emmons & Aldrich and Chas. R. McCarty for Appellant.

Hyams & Himrod for Respondent.

THOMPSON (IRA F.), J.—The plaintiff filed a complaint to recover the balance of an account for goods, wares and merchandise sold and delivered, alleging the existence of a copartnership between the defendants. An agreement was introduced in evidence dated October 27, 1923, which it is conceded establishes the fact that the defendants did enter into a partnership undertaking on that date. On this basis, and after proof that the goods were ordered a week or two before November 28th, by one of the partners, H. P. Zumwalt, the date in November being that of delivery, the trial court rendered a judgment against all of the defendants over whom the court had acquired jurisdiction. The defendant W. D. Edwards alone appeals from the judgment.

█ The agreement to which we have referred contains the following closing paragraph: ''As soon as practicable a corporation shall be formed, and stock shall be issued to the parties hereto in proportion to the respective interests of the parties hereto, as hereinbefore set out.'' The corporation thus agreed to be brought into being was incorporated on November 17, 1924. Appellant contends that without any proof of the transfer to the corporation of the partnership assets or without proof of dissolution we must assume that the copartnership ceased to exist on the date of the incorporation, or eleven days before the delivery of the merchandise. We cannot give our assent to this proposition. The copartnership for one reason or another might have continued to exist for a considerable period of time subsequent to the incorporation and strictly for the purpose of fulfilling the objects of the association. Let us assume, for example, that the corporation commissioner had not been satisfied to approve the issuance of the stock in the amount and proportion contemplated by the parties and the defendants had continued to pursue the business of the association in full accord with the agreement; is it not clear that the partnership relation would have continued? We do not find in the quoted paragraph sufficient to overturn the finding of the court that a partnership did in fact exist.

█ Appellant also suggests that it was competent for the defendant Zumwalt to contract on his own account and responsibility. The answer to this is that the court upon evi-

dence justifying its conclusion found that the sale was made to the defendants.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.