[Civ. No. 17024. First Dist., Div. Two. Feb. 26, 1957.]

OREGON CEDAR PRODUCTS COMPANY (a Corporation), Respondent, v. RAMOS AND KOHLER (a Partnership) et al., Appellants.

Millington & Dell'Ergo, Donnell B. McCarthy and James M. Paxton for Appellants.

Aaronson & Cohn, Michael Aaronson and Melvin E. Cohn for Respondent.

KAUFMAN, J.—This is an appeal by defendants from a judgment in favor of plaintiff in the sum of $24,612.55 in an action based on a complaint for money brought against Ramos and Kohler, a partnership, and Joseph M. Kohler, individually

and as a partner in said firm. The complaint alleged three causes of action, each in the form of a common count, for goods sold and delivered, in the sum for which judgment was rendered.

Respondent contended at trial that the debt was incurred by the partnership, and that appellant Kohler was individually liable. Appellants maintained that the debt was incurred by Ramos and Kohler, Inc., a California Corporation, hence no liability for the debt was incurred by appellant Kohler individually.

The trial court found that the debt for all of the items of plaintiff's account was incurred by Joseph M. Kohler individually and as a partner of Ramos and Kohler and that all credit extended by plaintiff for said account was extended to Joseph M. Kohler, individually and as member of the partnership. It was further found that plaintiff had not extended credit to the corporation of Ramos and Kohler, Inc., and that no part of the debt had been incurred by the corporation.

The account sued upon commenced in 1952. All billings thereon were to Ramos and Kohler, the partnership, which was composed of Jack Ramos and Joseph Kohler. The partnership came into existence in 1945, and held a roofing contractor's license. Mr. Ramos died in June, 1954, and there was no probate of his estate. On May 20, 1953, the corporation of Ramos and Kohler, Inc. was organized and corporation papers were filed in the office of the County Clerk of San Mateo County on May 22, 1953. On May 21, 1953, the partnership owed respondent the sum of $21,123.99 and at no time subsequent to this date did Ramos and Kohler owe less than this sum to respondent, and much of the time thereafter it owed a greater sum.

Although appellant Kohler contended that the contractor's license was changed immediately upon incorporation to the corporation, a photostatic copy of the corporation's application for such contractor's license is dated February 15, 1954, and such license was not issued until July 22 of that year. In the application in answer to the question of whether any person listed under ''Personnel of applicant'' was presently licensed as a contractor either as an individual, member of a copartnership or corporation, the answer ''Yes'' was given, and the name ''Ramos & Kohler'' with the license number. In answer to question 12, ''Does applicant intend to do business as a corporation,'' the answer ''Yes'' was given.

Also in the record is a certified statement of the Secretary of the State Board of Equalization stating that a seller's permit under the Sales and Use Tax Law was issued to Ramos and Kohler, Inc., on January 1, 1954. The board's records showed, the letter stated, that the seller's permit to the copartnership had been surrendered as of December 21, 1953, with the indication that the business had been transferred to the corporation. These documents, the application for contractor's license and the letter, were added to the record upon the granting by this court of respondent's motion for leave to produce additional evidence.

Joseph Kohler testified that he notified Mr. Stone, general manager of respondent of the incorporation in the middle of May, 1953, but Stone stated that he did not recall having been told of the incorporation until the first part of 1954. Stone believed that he had noticed the letterhead Ramos and Kohler, Inc., on appellant's stationery during the first part of 1954. Edison, respondent's credit manager, testified that he began working for respondent on March 1, 1954, and that the first time he received notice that appellants were incorporated was in June or July 1954. He had previously dealt with appellants when he had been credit manager for Redwood Materials Company, prior to his employment with respondent, and had never been informed during that time that they were incorporated. Stone and Edison both testified that Ramos and Kohler never asked for credit as a corporation, nor did they ever notify them that they wished to be billed as such.

No stock was ever issued for the corporation. Checks payable to respondent which bore the heading "Ramos & Kohler, Inc. Shingling Contractors" were used to make payments on the account on five occasions between November 9, 1953 and January 21, 1954. Although numerous other payments in large sums were made thereafter on the account, there appears to have been no evidence offered as to how they were paid. The checks referred to above bore the name "J. M. Kohler" printed above the signature line, and the checks were signed "By J. M. Kohler."

Appellant contends that the evidence is not sufficient to support the findings that the entire debt was incurred by the partnership and appellant Kohler individually, and that no credit was extended to the corporation. ■ Where there are various items of debit and credit on a running account, as here, the payments made must be applied to the earliest

obligations where no specification is made by the debtor or creditor as to its application. (Civ. Code, § 1479; *Hollywood Wholesale Electric Co.* v. *John Baskin, Inc.*, 121 Cal.App.2d 415, 429 [263 P.2d 665].) Plaintiff's Exhibit One, the cards composing the account of Ramos and Kohler, show that there was a balance of $27,571.72 due on January 17, 1954, and after that date credits totalling $27,825.19 are shown, which is more than the final balance of $24,612.55. This final balance accrued, therefore, appellants maintain, after January 17, 1954, and is clearly the debt of the corporation which dates from May, 1953.

It is urged that the five checks referred to above, which bore the heading "Ramos & Kohler, Inc." were seen by some one in respondent's office, and that this therefore was notice to respondent corporation. (*Sanders* v. *Magill*, 9 Cal.2d 145, 153 [70 P.2d 159]; *Edson & Foulke Co.* v. *Winsell*, 160 Cal. 783, 787 [118 P. 243].) It has been said that any reasonable business man should know that the abbreviation "Inc." means "incorporated," and puts one dealing with such company on notice that it is a corporation. (*Carlesimo* v. *Schwebel*, 87 Cal.App.2d 482, 486 [196 P.2d 167].) The Carlesimo case, an action for breach of contract, is distinguishable from the present case in that there the parties had entered into a contract after plaintiff had been advised by defendant that he was no longer connected with the company he had represented when he had first known plaintiff. Plaintiff there executed a contract signed with both the name of the corporation and defendant's name. If respondent did not have actual knowledge, appellant argues, notice will be imputed if respondent had the means of knowledge by inquiry. (*Vertex Inv. Co.* v. *Schwabacher*, 57 Cal.App.2d 406, 417 [134 P.2d 891]; 13 Cal.Jur.2d, p. 112, § 340.)

Had respondent pursued such an inquiry in this case it would have found that up until July 22, 1954, Ramos and Kohler were not licensed to do a contracting business as a corporation. Since the application showed that their partnership license as shingling contractors was still in effect, such inquiry could lead respondent to believe that the partnership had not yet been dissolved.

Section 15035.5, Corporations Code, provides that whenever a partnership is dissolved, notice of dissolution "shall be published at least once in a newspaper of general circulation in the place, . . . at which the partnership business was regularly carried on, and an affidavit showing the publication

of such notice shall be filed with the county clerk within thirty days after such publication.'' Appellants did not offer proof that this had been done. And as before noted, the firm was until July 22, 1954, doing business under the partnership contractor's license.

In *Charles M. Woods Co.* v. *Armstrong*, 101 Cal.App. 664, [282 P. 19], the contention was made that since a business that was being carried on as a partnership had been incorporated on a certain date, the partnership could not be held for goods allegedly sold and delivered to the partnership after the date of the incorporation. The court stated that without proof of the transfer of the assets and without proof of dissolution of partnership, the court could not assume that the copartnership ceased to exist on the date of the incorporation. The court there remarked: ''Let us assume, for example, that the corporation commissioner had not been satisfied to approve the issuance of stock in the amount and proportion contemplated by the parties and the defendants had continued to pursue the business of the association in full accord with the agreement; is it not clear that the partnership relation would have continued?'' In the instant case, appellant Kohler testified that no stock had ever been issued.

 In view of the evidence that the respondent had a considerable course of dealing with the partnership, that during the time the credits were extended a contracting business was still being carried on under a license issued to the partnership, that there was no proof that formal notice of the change was given to respondent and that there was a conflict as to whether respondent had knowledge of the incorporation, there is sufficient evidence to support the finding that the debt was incurred on account of the partnership and that appellant Kohler is therefore individually liable.

Appellant has also argued that the complaint does not state facts sufficient to allow the corporate entity of Ramos and Kohler, Inc. to be disregarded and appellant Kohler to be held liable as an officer and incorporator of the corporation. Before the acts or obligations of a corporation may be legally recognized as those of an individual, the complaint, it is true, must allege facts necessary to establish the liability of such person. (*Judelson* v. *American Metal Bearing Co.*, 89 Cal.App.2d 256, 263 [200 P.2d 836].) The complaint herein, however, alleged that Ramos and Kohler were at all times therein mentioned, partners in a roofing contracting business known as ''Ramos & Kohler.'' The action was not brought

on the theory that the corporate veil was being pierced to hold appellant individually liable. Nor are the findings in accordance with such theory. Since the findings support the judgment and are supported by substantial evidence, it is unnecessary to discuss the authorities cited by appellants in support of their argument concerned with a disregard of the corporate entity. We may state that we agree with them that no such issue was raised by the pleadings.

In view of the foregoing, the judgment must be affirmed. Judgment affirmed.

Dooling, Acting P. J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.