[Civ. No. 10115. Third Dist. Sept. 12, 1961.]

C. O. MESSERALL et al., Respondents, v. ADRIEN RUBIN, Appellant.

Charles M. Hughes for Appellant.

Harold A. Hammond for Respondents.

WARNE, J. pro tem.*—Plaintiffs brought this action for damages and for the rescission of a contract to exchange certain real and personal property. Plaintiffs in their complaint alleged that they were induced by fraud and false representation on the part of the defendant Rubin to enter into and consummate an exchange of business and rental property owned by them in Ventura County for Rubin's ranch and certain personal property situate in Siskiyou County.

Plaintiffs recovered judgment rescinding the contract and awarding them damages and costs. The defendant Rubin appeals.

The ranch, together with the livestock and equipment thereon, was owned by Rubin and was at the time of the exchange estimated to be of the value of $140,000. Plaintiffs' properties were estimated to be of equal value.

The trial court found, among other facts, that Rubin for the purpose of inducing the plaintiffs to enter into and consummate the exchange agreement falsely, knowingly and fraudulently represented to plaintiffs that the ranch could and would, within its confines, pasture and support on a year-round basis 500 head of cows and calves; that there were not less than 400 acres under cultivation, not less than 240 acres planted to irrigated pasture, and 12,000 acres of grazing land contiguous to Rubin's property available for the exclusive use of plaintiffs; that there was a sufficient supply of water upon the lands to water at least 900 head of livestock; that the personal property to be exchanged by defendant Rubin was free and clear of liens and encumbrances and that said defendant would promptly furnish title to the plaintiffs, free and clear of all liens and encumbrances; that 450 ewes which were part of the consideration for the exchange of plaintiffs' property were all capable of producing offspring, were of the highest quality, had been let to rams, and would produce at the proper season. There are findings of fact which support the damages awarded to the plaintiffs.

---

*Assigned by Chairman of Judicial Council.

Resolving all conflicts in favor of the prevailing parties (plaintiffs) and viewing the evidence in the light most favorable to them, as we must (*O'Banion* v. *Borba,* 32 Cal.2d 145, 147 [195 P.2d 10]), there is ample evidence in the record to sustain the trial court's findings and the judgment.

The evidence shows that plaintiffs contacted the defendant Rubin on September 1, 1957; that the trade was made in December 1957; that during the negotiations for the exchange of the respective properties, plaintiff C. O. Messerall spent five or six hours at Rubin's ranch touring the area and discussing with defendant Rubin the carrying capacity, the cultivated, irrigated and grazing acreages, the water supply and other matters pertaining to the ranch; that he casually inspected the sheep; and that he made limited inquiries of the farm adviser. The evidence also shows that for 12 years prior to the consummation of the contract for the exchange of the properties Mr. Messerall had been in the garage and implement business, but prior to that time he had been a "rancher by trade."

Appellant contends that because Mr. Messerall was a "rancher by trade" and actually inspected the ranch and had the opportunity to make further inspection of the sheep and the ranch he was not entitled to rely upon the representations made by Mr. Rubin. We find no merit in this contention. Clearly, appellant, as the owner who had occupied and farmed the ranch, possessed knowledge of the ranch and those things appertaining thereto which was superior to the respondents' knowledge. "The fact that a buyer makes an independent investigation does not preclude him from relying on representations made by the seller where, as here, the seller has a superior knowledge." (*Garrett* v. *Perry,* 53 Cal.2d 178, 181 [346 P.2d 758], citing *Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 748 [192 P.2d 935].) Further, respondent C. O. Messerall testified that he relied upon appellant's representations and would not have entered into the transaction had he known that the matters represented to him by appellant were untrue.

 ". . . Negligence on the part of the plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation was intentional rather than negligent." (*Seeger* v. *Odell,* 18 Cal.2d 409, 414 [115 P.2d 977, 136 A.L.R. 1291].)

Appellant also contends that the trial court committed

prejudicial error in four instances in its ruling on the admissibility of evidence.

The first assignment of error concerns evidence admitted relative to two advertisements inserted by appellant in the Western Livestock Journal, one two years, and the other five years, prior to the transaction for the exchange of appellant's property. These advertisements contained representations regarding the ranch similar to those found to be false and untrue in this case. Appellant contends that these prior representations were too remote in time.

■ ". . . Cases of fraud are exceptions to the general rule that other offenses of the accused are not relevant to establish the main charge. Where fraud is charged, evidence of other frauds or fraudulent representations of like character, committed by the same parties at or near the same time is admissible to prove intent." (*Atkins Corp.* v. *Tourny*, 6 Cal.2d 206, 215 [57 P.2d 480]; *Janisse* v. *Winston Inv. Co.*, 154 Cal.App.2d 580, 588 [317 P.2d 48, 67 A.L.R.2d 225].)

■ ". . . (b) As to the *length of time* over which evidence [of this nature] should range, it is . . . impossible to fix a general test; the circumstances of each case must determine." (2 Wigmore on Evidence, § 321(2), p. 226.) We feel that there was no error in admitting this evidence to show intention.

■ The second assignment of error is that the trial court erred in admitting into evidence an advertisement published in the Western Livestock Journal in December 1957, stating that the ranch would carry 500 head of cattle. This evidence was competent and not on a collateral matter as claimed by appellant. It was independently pertinent on the question of wrongful intent, although respondents did not have knowledge of the advertisement at the time the exchange was consummated.

■ The third assignment of error is that the trial court erred in not permitting the witness Jordan to testify as an expert as to the quality of hay grown on the ranch which was harvested and baled and included in the exchange. The record shows that Jordan had engaged in farming since 1946 and that in 1957 he harvested the alfalfa crop for appellant. He was not permitted to testify as to whether the hay was "good" or "bad" on the ground that it was not proper rebuttal, although respondent C. O. Messerall had testified that the hay "was not worth baling." While we feel that the witness should have been permitted to express his opinion as

to whether the hay was "good" or "bad," the exclusion of the testimony was not prejudicial, as the witness was permitted to testify that it was the average run of hay for the county for that year. Further, on cross-examination, he admitted that he had not seen the condition of the hay when it was used.

■ The fourth assignment of error relates to the trial court's refusal to admit evidence of the substance of a conversation between appellant and the real estate agent, made out of the presence of the respondents and excluded on the ground that it was irrelevant, immaterial and hearsay. The real estate agent testified that he received instructions from appellant. However, for him to testify as to the substance of the conversation or the extent of the instruction received would be hearsay and inadmissible. The attorney for appellant stated to the court: "My offer of proof is that the instructions given by Mr. Rubin to Mr. Lattimer [the realtor] were to the effect that he did not wish any representations made concerning carrying capacity or cultivated acreages on the ranch because of the fact he'd had trouble concerning this before." Of course, if the evidence was not offered for truth of the statement, it would be irrelevant. It appears from the offer of proof that the rejected testimony was offered for the purpose of strengthening appellant's defense.

■ ". . . A litigant is not permitted to strengthen his case by his own declarations, whether written or verbal. They may be used against him, but not for him." (*Hausman* v. *Hausling*, 78 Cal. 283, 286 [20 P. 570]; Code Civ. Proc., § 1870, subd. 2; see also *Nicholson* v. *Tarpey*, 70 Cal. 608, 610-611 [12 P. 778].)

■ Appellant also contends that the respondents came into court with unclean hands because the exchange of properties was made upon a valuation of $75,000 rather than $140,000, the approximate value. He asserts that this was done to defeat any possible income tax claims of the federal government, but he did not show how such a result would come about. In this case it was agreed that the exchanged properties were of equal value. How then may it be said that one would profit over the other, regardless of what the escrow figures were? In any event, appellant is the one who suggested the lower figure and is in no position to complain.

■ Appellant also contends that he should have been awarded a like amount of rent for the use of his ranch prop-

erty as was awarded respondents as compensation for the use of the Ventura property.

The trial court could reasonably find from the evidence that the rental values of the two properties were different and offset the two so that the $500 per month awarded respondents would represent the differential between the two. The evidence shows that this was done. The net income from only part of the Ventura property was approximately $739 per month.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 8, 1961.