[No. 4007.]

ALBERT BERRY *v.* THE SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY.

TRESPASS ON LANDS.—In an action to recover damages for a trespass alleged to have been committed by destroying the plaintiff's fences, and by trampling and destroying the grain and herbage growing on his land, the plaintiff cannot recover for injury done to the grain by the cattle of a third person, for any period of time after the original entry and trespass.

EVIDENCE IN ACTION OF TRESPASS.—If an action of trespass is brought against a corporation for damages alleged to have been done by the corporation to the plaintiff's land, the defendant may introduce in evidence its articles of incorporation, for the purpose of showing that it was not incorporated till after the alleged trespasses, or a part of them, were committed.

TRESPASS BY CORPORATION.—A corporation cannot be made responsible for a trespass committed by individuals before it had an existence.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

The plaintiff was the owner of a tract of land near Santa Rosa, county of Sonoma. The complaint averred that the defendant was a corporation, organized under the laws of this State, and that the defendant, on the 15th day of February, 1871, and at divers other times between that time and the commencement of the action, entered upon the land and broke up the ground on a belt sixty feet wide and eighteen hundred feet long, and injured the land of the plaintiff adjoining thereto, and destroyed the growing crops thereon. The defendant, in its answer, denied that it was a corporation prior to June 22, 1872. On the trial, the plaintiff testified to the entry of the agents of the defendant to make surveys, in January, 1871, and to tearing down his fences at that time, and to the entry at divers times after that, to grade the land, down to the commencement of the suit, which was October 10, 1872. He also testified that the fences were left down, or in a dilapidated condition, during the whole time, and that he had grain growing on the land adjacent to the railroad track, and that hogs and animals got into the grain, and destroyed portions of it. The plaintiff's attorney then asked him the following question:

"From the time of the entry of the company into your land, down to the present time, have you been annoyed by trespassing animals, by reason of their getting through where the road runs?"

The defendant objected, because the complaint did not allege damages done by stock. The objection was overruled, and the witness answered that hogs had, during the

time his wheat was growing, got in and destroyed it, so that he had not gathered a full crop.   The defendant then moved to strike out the testimony, but the motion was overruled. After the plaintiff rested, the defendant offered in evidence its articles of incorporation, by which it appeared that the defendant was incorporated June 22, 1872.   The court, on the objection of the plaintiff, ruled out the articles.   The plaintiff recovered judgment, and the defendant appealed.

*Thomas & Pressley,* for the Appellant.

The suit is brought in trespass, *vi et armis,* for damages resulting immediately from the acts of the defendant.   The evidence which the defendant moved to have stricken out tended to prove only consequential damages, resulting from the fences having been left down, and can only be remedied by an action on the case for consequential damages.   The evidence is not admissible for the reason that it tends to prove nothing which is alleged in plaintiff's complaint. There is no allegation that any damage was sustained by reason of injuries by the hogs, and no issue joined upon that proposition.

*McCullough & Maslin,* for the Respondent.

By the COURT:

The court below erred in refusing the defendant's motion to strike out the evidence in relation to injury done to plaintiff's wheat by the hogs of third persons.   Such injury was not direct damage resulting from the trespass of the defendant.   The acts complained of by plaintiff were the destruction of a portion of plaintiff's fences, and the trampling and destruction of grain and herbage, and the plaintiff cannot recover for injury to the grain by cattle of others, damage-feasant for an indefinite or any period after the original entry and trespass.

The court also erred in excluding the articles of incorporation.   For any trespass committed prior to the incorporation of the defendant, the individuals committing or direct-

ing such trespass would be responsible in damages, but defendant cannot be made to respond for an injury done before it had an existence.

Judgment reversed, and cause remanded for a new trial.