[S. F. No. 1151. Department Two.—June 17, 1899.]

## J. S. REID, Respondent, v. F. W. KRELING'S SONS' COM-PANY, Appellant.

PARTNERSHIP—INCORPORATION OF FIRM—ACTION FOR GOODS SOLD AND DELIVERED—NOTICE.—A corporation formed by members of a partnership firm, which took its assets, and continued to pay its debts, and to conduct the business as formerly, using its books, and continuing and extending the various accounts therein without break, is liable in an action for goods sold and delivered in the name of the firm by a former customer, who had no knowledge or notice of the incorporation until shortly before the commencement of the action, where it appears that the goods and bills therefor were received by the corporation, and the amounts thereof entered upon the books by it, and payments thereupon made by it without objection.

ID.—DEFENSE—ESTOPPEL OF CORPORATION.—The corporation, under the circumstances, is estopped from setting up a defense to such action, founded upon the change made from a copartnership to a corporation.

ID.—USE OF GOODS BY INDIVIDUALS.—The fact that a small part of the goods sold were used by some of the individual members of the original firm in improving certain real property is immaterial, the goods having been ordered and sold and entered upon the books of both parties in the usual manner.

ID.—APPLICATION OF PAYMENTS.—Payments made by the corporation upon the running account of the plaintiff with the firm were properly applied to indebtedness on the account that had accrued prior to the date of the incorporation of the firm.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Thomas A. McGowan, for Appellant.

Charles Wesley Reed, for Respondent.

McFARLAND, J.—Action to recover one thousand and sixty-four dollars and forty-four cents for goods sold defendant by the San Francisco Novelty Plating Works (a corporation), which assigned its claim therefor to plaintiff. The court below gave judgment to plaintiff for the amount sued for, and defendant appeals from the judgment and from an order denying a motion for a new trial.

We see no reason for disturbing the judgment, which is clearly a just one. There is no question about the amount of the goods furnished, or the actual balance due thereon; the whole defense is upon the ground that the members of a copartnership, which had been dealing with the respondent's assignor, changed the copartnership into a corporation and continued to deal with said assignor as before, without his knowledge that such change had been made.

For many years prior to the year 1894 "F. W. Kreling & Sons" had been carrying on a certain business as copartners, and prior to and during the year 1894 they had a running account with plaintiff's assignor. Sometime in 1894 they concluded to continue their business under the form of a corporation instead of a partnership; and for that purpose formed a corporation called "F. W. Kreling's Sons' Company." It seems that they considered themselves a corporation in April, 1894, at which time they signed certain papers relating to the proposed change, and commenced at that time to conduct their business in the corporate name; but articles of incorporation were not filed until September 1st, and a certificate of the incorporation was not issued by the secretary of state until October 5th. But no matter at what time they assumed to change, or did legally change, from a partnership to a corporation, plaintiff's assignor had no notice of the change until a short time before the commencement of this action, and continued as usual, to send them goods, and sent bills in which "F. W. Kreling & Sons" were named as purchasers and debtors; and these goods and bills were received by appellant, and their amounts entered on its own books, and payments were made from time to time to plaintiff's assignor, without any objection whatever, and without any notification to

him that what was formerly a partnership had become a corporation with substantially the same name. The corporation took the assets of the copartnership, and, as the evidence shows, continued to pay the debts of the latter and to conduct the business just as before; indeed, the corporation used the very books which had been used by the copartnership, and continued and extended therein the various running accounts without break. Under these circumstances, the appellant is estopped from setting up a defense founded upon the change from a copartnership to a corporation, as against the cause of action here sued on. The fact that a small part of the goods were used by some of the Krelings individually, in moving certain real property, makes no difference; they were ordered and sold in the same manner as the other goods, and in like manner were credited and entered in the books of both parties; and, under the above views, payments made by appellant after September 1st were properly applied to indebtedness on the running account that had accrued before that time.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.