[Sac. No. 748.   Department Two. — September 23, 1901.]

.J. W. RELLEY, Respondent, v. PATRICK CAMPBELL
et al., Appellants.

MORTGAGE BY CORPORATION — UNAUTHORIZED EXECUTION — SPECIAL MEET-
ING OF DIRECTORS — WANT OF NOTICE. — The execution of a mort-
gage in the name of a corporation, upon property belonging thereto,
cannot be authorized at a special meeting of the directors, at which
all of them were not present, and of which no notice was given.

ID. — FORECLOSURE — ESTOPPEL — REPRESENTATIONS BY MANAGER —
OWNERSHIP OF PROPERTY AND STOCK — EVIDENCE. — Upon fore-
closure of such unauthorized mortgage, in order to justify evidence
against the corporation of an estoppel based upon representations
as to its regularity and validity, made by one who was the acting
president, manager, and treasurer of the corporation, and who
joined individually in the execution of the mortgage, and was
claimed by the mortgagee to be the sole owner of the corporate
property and stock, it must be proved that he was the sole owner

of the stock. Until such proof was given, the corporation must be treated as a separate entity, as to which such representations were not competent evidence.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

Charles W. Kitts, and Sumner T. Dibble, for Appellants.

Thomas S. Ford, P. F. Simonds, and W. H. Carlin, for Respondent.

TEMPLE, J.—This is an action to foreclose a mortgage upon mining property. The mortgage, on its face, purports to have been given by Patrick Campbell and the New Blue Point Mining Company, a corporation. In form, the complaint attempts to state two causes of action,—in reality, but one. It contains averments proper in a complaint for foreclosure, with statements tending to show that in fact the corporation is, as to the property involved, but another name for Patrick Campbell, and that he made representations designed to convince plaintiff that the mortgage was regularly executed by the corporation and would bind it, and that in reliance upon these representations, plaintiff accepted the mortgage and loaned the money. And it is contended, that since Campbell was the sole owner of the property and of the corporate stock, he and his corporate double should be estopped to deny the validity of the mortgage. It is also alleged that the property of the corporation had the benefit of the money loaned by plaintiff to Campbell. All this was in anticipation of the objection that the mortgage was so executed as not to bind the corporation.

An action might be sustained upon such a theory, if there was evidence to support it. The evidence here consists of statements made by Patrick Campbell to plaintiff and others. Campbell was, at the time the statements were made, acting president of the corporation, its manager and treasurer, and, as such, in possession of the property,—that is, this was so, if it can be said that the corporation was in control of the property. Campbell had been in sole possession for years before the corporation was formed, and its formation made no apparent change in his relation to it. But even so, these assertions were not competent evidence as against the corporation, which

must be treated as a separate entity until it was proven that Campbell was the sole owner of the corporate stock. It came in under objection, and after plaintiff had closed his evidence, —there being no evidence to show that Campbell was sole owner of the stock,—a motion was made to strike it out. The motion was denied and an exception taken. The ruling was clearly erroneous.

The trouble with the execution of the mortgage by the corporation was, that what was done in that matter was at a special meeting, and all the directors were not present. No notice of the meeting had been given to any of the directors. The corporation had no by-laws. No provision was made for meetings, and it had no office or place for such meetings. Although it had existed for several years, there had been only one previous meeting since its organization, and that was also to authorize a mortgage to plaintiff to secure money loaned by him to Patrick Campbell. The meeting was not called, nor was the notice given as provided in section 320 of the Civil Code, nor was there proof of any kind that notice had been given. The minutes do not show that notice was given.

There are many other alleged errors, which it is not necessary to notice; such as, it is objected that the book offered as that kept by the corporation was not shown to be such, and that it was not made to appear that the mortgage was authorized by two thirds of the stockholders. Upon another trial these objections may be obviated.

No objection is made to the judgment against Patrick Campbell, and as to him the judgment and order are affirmed. As to the corporation, the judgment is reversed and the cause is remanded for a new trial.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.