[L. A. No. 3588.   Department Two.—February 28, 1916.]

LLEWELLYN IRON WORKS (a Corporation), Appellant, v. ABBOTT KINNEY COMPANY (a Corporation), Respondent.

CREDITOR'S BILL—ENFORCEMENT OF UNPAID STOCK SUBSCRIPTION TO DEBTOR CORPORATION.—A creditor who has exhausted his legal remedies to collect his debt may maintain in equity a creditor's bill against a stockholder of the debtor corporation on an unpaid stock subscription.

ID.—JUDGMENT AGAINST CORPORATION AFTER FORFEITURE OF CHARTER.— A judgment against a corporation after its charter had been forfeited is a nullity, and will not support a creditor's bill against a stockholder of the corporation on an unpaid stock subscription.

ID.—ESTOPPEL—CORPORATION AS INSTRUMENTALITY FOR TRANSACTION OF BUSINESS OF INDIVIDUAL—ESTOPPEL.—Where the stockholder of the debtor corporation against whom the creditor's bill to enforce an unpaid stock subscription is brought is also a corporation, both such corporations having a common president, facts sufficient to create an estoppel against the president personally do not create an estoppel against the stockholder corporation to prevent it from relying upon the invalidity of the judgment, in the absence of proof showing that the stockholder company was but the instrumentality through which the president conducted his business.

ID.—PLEADING.—It is not necessary for a plaintiff to plead facts which he claims create an estoppel against the defendant's maintaining a certain defense to the complaint.

ID.—CORPORATION NOT ESTOPPED BY KNOWLEDGE OF PRESIDENT.—Evidence that one is the president of a corporation and the owner of the greater portion of the stock of the corporation does not create an estoppel against the corporation by reason of his knowledge and conduct in the matter of another corporation of which also he is president.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

R. C. Gortner, for Respondent.

HENSHAW, J.—This action is in the nature of a creditor's bill to enforce payment by defendant of its unpaid subscription to the stock of the Venice Hotel Company, a corporation. Plaintiff, in 1908, brought its action against the Venice Hotel Company, a corporation. The Venice Hotel Company appeared and defended under a verified answer filed by Abbott Kinney, its president. The cause was tried and resulted in a judgment for plaintiff. A notice of intention to move for a new trial was given, but the motion was not prosecuted and the judgment became final. In that action the court found that the Venice Hotel Company was a corporation duly organized and existing under the laws of the state of California. As a matter of fact, as appears in the present action, the charter of the Venice Hotel Company

had been forfeited on the thirtieth day of November, 1907, by reason of the corporation's failure to pay the license tax for that year. These matters were pressed upon attention of the trial court in the present action, in the defense to the complaint, it being contended, first, that plaintiff's judgment was a nullity, and, second, that the stock of the Venice Hotel Company owned by the Abbott Kinney Company was fully paid-up stock, and therefore not liable to the subscription call in this action.

Unquestionably, a creditor who has exhausted his legal remedies to collect his debt may maintain this action in equity against a stockholder who is indebted on an unpaid stock subscription, and this is conceded. (*Baines* v. *Babcock*, 95 Cal. 581, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776].)

Respondent's first proposition that the judgment obtained by the appellant in its action against the Venice Hotel Company is a void judgment is supported on the authority of *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, [89 Pac. 335], *Kaiser Land & Fruit Co.* v. *Curry*, 155 Cal. 638, [103 Pac. 341], and *Newhall* v. *Western Zinc Min. Co.*, 164 Cal. 380, [128 Pac. 1040]. But this conceded fact does not meet the contention of appellant that the respondent is estopped from urging the invalidity and voidness of this judgment. That estoppel, it is asserted, arises out of the following undisputed facts. At the time that the defendant in the action of *Llewellyn Iron Works* v. *Venice Hotel Company*, a corporation, filed its verified answer, Abbott Kinney, himself, acting as and purporting to be, and verifying the complaint as, the president of the Venice Hotel Company defendant, defended this action upon its merits, concealing and failing to state a matter of the utmost importance to the plaintiff, namely, that the corporation had ceased to exist by virtue of the prior forfeiture of its charter, a fact necessarily known to Abbott Kinney, its president, and unknown to plaintiff; that it was the manifest duty of Abbott Kinney, if he undertook to appear upon behalf of the defunct corporation at all, to have pleaded the facts, in which case the plaintiff would have been enabled to call in the trustees of the corporation and to have prosecuted its action against them (*Newhall* v. *Western Zinc Co.*, *supra*); that Abbott Kinney deliberately refrained from doing this, and to the contrary adopted a course of action leading the plaintiff to believe that the defendant was an exist-

ing corporation, and inducing the plaintiff to prosecute its action against this corporation to final judgment. Therefore, appellant argues Abbott Kinney is estopped from asserting the invalidity of this judgment. Still further, Abbott Kinney at this time was not only the president of the Venice Hotel Company, but he was also the president and principal stockholder of the defendant corporation which bears his name, and that corporation is chargeable with the knowledge which Abbott Kinney possessed and bound by the conduct of Abbott Kinney in the matter. To countenance this conduct would be to permit Abbott Kinney and the defendant corporation to escape the payment of a just debt, the validity of which was determined after litigation on the merits, by the concealment of a fact which it was incumbent on Abbott Kinney to disclose.

Against this position of appellant, respondent argues, first, that the question of estoppel may not be considered, for the reason that when presented with an opportunity to plead the estoppel, which opportunity arose when defendant by answer set up the invalidity of the judgment (because of the dissolution of the corporation through the forfeiture of its charter), it failed to do so. This position, however, is not well taken. It is well settled that under our simplified system of procedure, where plaintiff's pleadings on the facts begin and end with the complaint, there is by law afforded him an opportunity, without pleading, to interpose evidence overcoming any affirmative matter of defense set up in the answer. Thus he may establish a fraud or an estoppel. (*Rankin* v. *Sisters of Mercy,* 82 Cal. 88, 95, [22 Pac. 1134] ; *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630] ; *Brooks* v. *Johnson,* 122 Cal. 569, [55 Pac. 423].) It was not incumbent upon plaintiff, therefore, in the first instance, to plead the facts constituting this estoppel, as it was not advised of the nature of the defense which defendant corporation would interpose. Being so advised, it was within its rights to offer evidence to establish this estoppel without a pleading by way of replication.

The second ground urged by respondent is that the findings do not touch the question of estoppel, and that the evidence is wholly insufficient to establish an estoppel against the defendant corporation. The findings do not touch the question of estoppel, nor, unfortunately for appellant's posi-

tion, are the stipulated facts sufficient to raise this estoppel against the defendant. We entertain no doubt of their sufficiency to raise an estoppel against Abbott Kinney personally. And upon a proper showing that the Abbott Kinney Company, a corporation, was but the instrumentality through which Abbott Kinney for convenience transacted his business, by all of the authorities not only equity, looking through form to substance, but the law itself, would hold such a corporation bound as the owner of the corporation might be bound, or, conversely, hold the owner bound by acts which bound his corporation. (*Bank of United States* v. *Deveaux*, 5 Cranch (9 U. S.), 61, 90, [3 L. Ed. 38, 46]; *Bank of Columbia* v. *Patterson*, 7 Cranch (11 U. S.), 299, [3 L. Ed. 351]; *Society etc.* v. *New Haven*, 8 Wheat. (21 U. S.) 464, [5 L. Ed. 662]; *Newton Mfg. Co.* v. *White*, 42 Ga. 148; *Brannin* v. *Loving*, 82 Ky. 370; *McKinley* v. *Wheeler*, 130 U. S. 630, 636, [32 L. Ed. 1048, 9 Sup. Ct. Rep. 638]; *State* v. *Standard Oil Co.*, 49 Ohio St. 137, [34 Am. St. Rep. 541, 15 L. R. A. 145, 30 N. E. 279]; *Schumacher* v. *Edward P. Allis Co.*, 70 Ill. App. 556; *Bank of England* v. *Moffatt*, 3 Bro. Ch. 262; *Bellona Co.'s Case*, 3 Bland. Ch. (Md.) 442, 446; *Hoffman Steam Coal Co.* v. *Cumberland Coal & Iron Co.*, 16 Md. 456, [77 Am. Dec. 311]; *Melledge* v. *Boston Iron Co.*, 5 Cush. (Mass.) 158, [51 Am. Dec. 59]; *Des Moines Gas Co.* v. *West*, 50 Iowa, 16; *Swift* v. *Smith*, 65 Md. 428, [57 Am. Rep. 336, 5 Atl. 534]; *Moore & Handley Hardware Co.* v. *Towers' Hardware Co.*, 87 Ala. 206, [13 Am. St. Rep. 23, 6 South. 41]; *Pott* v. *Schmucker*, 84 Md. 535, [57 Am. St. Rep. 415, 35 L. R. A. 392, 36 Atl. 592]; *Louisville Banking Co.* v. *Eisenman*, 94 Ky. 83, [42 Am. St. Rep. 335, 19 L. R. A. 684, 21 S. W. 531, 1049]; *Jones* v. *Williams*, 139 Mo. 1, [61 Am. St. Rep. 436, 37 L. R. A. 682, 39 S. W. 486, 40 S. W. 353]; *McElroy* v. *Minnesota Percheron Horse Co.*, 96 Wis. 317, [71 N. W. 652].) But the evidence, however, is insufficient to establish this unity of interest and ownership, the only stipulation upon this matter being that "Abbott Kinney was and now is the president of the Abbott Kinney Company, a corporation, and was and is the owner and holder of the greater portion of the stock of the said Abbott Kinney Company, a corporation." A consideration of the authorities above cited will establish without the need of discussion the inadequacy of such a fact to accomplish the purpose here contended for,

namely, the estoppel of a corporation by virtue of its president's knowledge and conduct in the matter of another corporation of which also he is president.

It is conceded that unless the force of the finding of the invalidity of plaintiff's judgment against the Venice Hotel Company can be overcome, appellant is without redress in this action. For the indicated reasons it cannot be overcome so far as concerns the defendant and respondent, and this conclusion renders unnecessary the consideration of the second defense of the Abbott Kinney Company that its stock was fully paid-up stock.

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.