[Civ. No. 2607.   First Appellate District, Division One.—December 18, 1918.]

## A. A. GNARINI, as Trustee, etc., Respondent, v. BANCA SVIZZERA AMERICANA, etc., Appellant.

MORTGAGE — SECURITY OF ADVANCES TO PARTNERSHIP — FORMATION OF PARTNERSHIP INTO CORPORATION—RENEWAL NOTE—PAYMENT—APPLICATION OF BANK DEPOSIT OF CORPORATION UNAUTHORIZED.—A mortgage to a bank given to secure the individual debt of a member of a partnership, and also the repayment of all other and further advances that might be made to the partnership by the bank, operates to secure the payment of a note subsequently executed by the partnership to the bank for a loan; and where such partnership is afterward formed into a corporation having the same name as the partnership, and composed exclusively of its members, and a renewal note is given for the partnership obligation, such mortgage also secures such renewal note, and exhaustion of the mortgage security is necessary in payment of the renewal note before application of the money of the corporation on deposit in the bank can be made in payment thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Metson, F. A. Denicke and H. S. Young for Appellant.

Robert B. Gaylord and Charles A. Shurtleff for Respondent.

STURTEVANT, J., *pro tem.*—This is an appeal by defendant from a judgment in favor of plaintiff on the second trial of this action. On the first appeal a judgment in favor of defendant was reversed by the supreme court on rehearing, after disagreement in this court. Upon the second trial the court below rendered judgment in favor of plaintiff, and this appeal is from such judgment.

Briefly stated, the facts involved are as follows: On February 2, 1903, the firm of Cain, Boyd, and Corriea executed to the defendant bank a note in the sum of two thousand dol-

lars, upon which the sum of one hundred dollars was subsequently paid. The payment of this note was secured by a mortgage given by Cain, a member of the firm, to the defendant bank. This mortgage also secured an individual note of Cain's. The mortgage contained a clause that it was given as security for the repayment of all other and further advances that might be made to the firm of Cain, Boyd, and Corrica. The bank made the two thousand dollar loan to the firm upon the faith in this clause in the mortgage. On December 11, 1903, a corporation by the name "Cain, Boyd and Corriea" was formed, of which corporation Cain was president. On June 4, 1904, a new note was executed to the bank for the sum of one thousand nine hundred dollars, balance. This note was signed and delivered by Cain to the bank, but there is nothing on its face to indicate that it was a corporate note, the signature being identical with the original note. On the fifteenth day of June a petition was filed for an adjudication that the corporation was bankrupt, and on July 1, 1904, it was so declared.

Six days after the execution of this note, and five days before the filing of the bankruptcy petition, the corporation had on deposit with defendant bank the sum of $1,843.60, and at this time the bank purported to apply this deposit on account of the note. The note was stamped "paid" and returned to Cain, Boyd, and Corriea. The original note of February 2, 1903, was also stamped "paid" by the bank and returned to the makers.

Upon the former appeal the supreme court adopted the opinion of Mr. Justice Kerrigan, holding that the mortgage secured the indebtedness and not the note; that the indebtedness continued to be secured by the mortgage notwithstanding the execution of the renewal note, and that the bank had no right to apply the deposit to the payment of the second note. (See *Gnarini* v. *Swiss-American Bank,* 162 Cal. 181, [121 Pac. 726].)

With two exceptions, the evidence presented to the superior court upon the second trial is identical with the evidence which was considered by the supreme court upon the former appeal. This evidence was presented to show that it was intended by the exchange of notes to release the old indebtedness and the mortgage security, thus making the renewal note one of the corporation, and enabling the bank to apply the deposit,

which it did, to the payment of the note. The "new evidence" relates to the bank's bookkeeping methods, and also to certain conversations had between Cain and an officer of the bank. With reference to evidence relative to the bookkeeping, it is claimed by appellant that the ledger account shows that after the organization of the corporation the account was changed to read "Cain, Boyd & Corriea *Inc.*," and further that in the note-book of the bank under the heading of "indorser" the original entry "secured by property" was changed after the execution of the second note to read "personal security."

There is no proof in the record as to the exact date when the word "Inc." was inserted in the ledger. The person making the entry was not produced by the bank. In relation to the conversations had between Cain and the officer of the bank, the record shows that they merely referred to the effect of an incorporation on the firm's business, and in no manner indicated that any novation was intended.

We do not deem it necessary to comment upon or discuss the evidence further than to say that it is sufficient to justify the finding of the trial court that the second note was not a corporation one, but that it was one of the original partnership, and was secured by a mortgage when the bank endeavored to apply the deposit of the corporation to its payment. This being so, the decision on the former appeal is controlling.

Judgment affirmed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.