[Civ. No. 10195.   Second Appellate District, Division Two.—June 26, 1935.]

ANNA W. WIETHOFF, Respondent, v. REFINING PROP-ERTIES, LTD. (a Corporation), et al., Defendants; SIGNAL OIL AND GAS COMPANY (a Corporation) et al., Appellants.

H. J. March, W. F. Ostrander, Harold F. Clary, Finlayson, Bennett & Morrow and C. LaV. Larzelere for Appellants.

Frank J. Barry and J. B. Joujon-Roche for Respondent.

SCOTT, J., *pro tem.*—Plaintiff and her husband (now deceased) leased to defendant Refining Properties, Ltd., for a period of ten years commencing December, 1929, certain real property for use as a service station. This suit was brought to collect rent for five months commencing November 20, 1933, and at the trial plaintiff was permitted to amend her complaint to include rents up to the time of trial. Recovery against defendant Signal Oil & Gas Company of California, Signal Oil & Gas Company and Pacific Service Stations, as assignees, is protested by them on this appeal on the theory that they assumed no obligation to pay the rent except when actually occupying the premises, that they were not occupying the station when the rents accrued for which judgment was rendered and that they cannot be held liable therefor.

█ The trial court found that a written lease had been entered into by and between lessors and defendant Refining Properties, Ltd., on or about October 18, 1929, the lease being for ten years at $550 per month rental for the first five years and $650 per month for the last five years; that defendant Signal Oil and Gas Company of California at all times has been a subsidiary of and an instrumentality of the Signal Oil and Gas Company, a Delaware corporation; that defendant Pacific Service Stations, Inc., was organized September, 1931, became the agent of the Signal Oil and Gas companies in March of 1932 to manage their service station operations, and so operated until it became their wholly owned subsidiary in October, 1932, in which relationship it has since remained. These findings are amply supported by the evidence.

█ It was further found that defendant Refining Properties, Ltd., entered into possession and paid rent under the lease until February, 1931, when it assigned the lease to Signal Oil and Gas Company of California, the latter acting for itself and as an instrumentality and agent of the Signal Oil and Gas Company, a Delaware corporation, and that it agreed to fulfill and discharge all the obligations of the lease, including payment of the rent, and entered into possession of the premises. This assignment of the lease was incidental to the transfer of a major portion of the assets of defendant Refining Properties, Ltd., to the Signal Oil and Gas Company of California by a written agreement executed by four parties, including the two above-mentioned companies, the Delaware

corporation and a group of individuals. The transfer included all service stations and leases, including specifically this Wiethoff lease, and the agreement recited: "Signal Oil and Gas Company of California hereby expressly assumes and agrees to pay the debts and obligations, other than the debts and obligations which may now or hereafter be owing on the properties and assets which are retained by Refining Properties, Ltd., as shown by the aforesaid statement of Haskins & Sells as of December 31, 1930."

Contrary to the contention of appellants, there is no other language in the contract which would negative this unequivocal assumption by the Signal Oil and Gas Company of California of the obligation to pay the rentals under the lease.

■ About May 31, 1932, defendant Pacific Service Stations, Inc., wrote to plaintiff, at the bottom of a letter from her reducing the rent for a period of eight months: "For and in consideration of the above reduction of rent we promise and agree to pay the rental above specified, at the time stated, and promise and agree to perform each and all of the covenants and conditions of the lease, except as herein modified." This agreement affords basis for the finding that Pacific Service Stations, Inc., promised and agreed to perform all the covenants of the lease.

■ The findings that Pacific Service Stations, Inc., was acting not only on its own behalf but also as an agency and instrumentality of the Signal Oil and Gas companies, and that the acts of the California company were both for itself and for the Delaware corporation, are likewise supported by evidence of detailed transactions. ■ It is not incumbent upon a reviewing court to speculate upon the possible basis for a finding of a trial court when that finding is supported, as in this case, by evidence which is ample and convincing. Examining the record in the light of those cases which indicate the essential elements which a trial court must find before it can hold that there is a practical identity of corporations, and that one is the instrumentality—the *alter ego*—of the other, we deem it sufficient to say that the evidence, much of it documentary, is sufficient. Among such cases are *Erkenbrecher* v. *Grant*, 187 Cal. 7 [200 Pac. 641], *Continental Securities* v. *Rawson*, 208 Cal. 228 [280 Pac. 954], and *Wood Estate Co.* v. *Chanslor*, 209 Cal. 241 [286 Pac. 1001]. The directing personnel and operations of appellants are inextricably involved, and war-

rant the conclusion that the corporate entities were not considered by the group of individuals who controlled them as separate and distinct, but were viewed rather as incidents for furthering a single purpose, and that this control and conduct of the corporations may well have been intended to and actually did mislead persons dealing with them.

"While it is the general rule that a corporation is an entity separate and distinct from its stockholders, with separate, distinct liabilities and obligations, nevertheless there is a well-recognized and firmly settled exception to this general rule that, when necessary to redress fraud, protect the rights of third persons or prevent a palpable injustice, the law and equity will intervene and cast aside the legal fiction of the independent corporate existence, as distinguished from those who hold and own the corporate capital stock, and deal with the corporation and stockholders as identical entities with identical duties and obligations." (*Wenban Estate, Inc.*, v. *Hewlett*, 193 Cal. 675, at p. 696 [227 Pac. 723].) "The fiction of corporation entity may be disregarded where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation." (*Industrial Research Corp.* v. *General Motors Corp.*, 29 Fed. (2d) 623. See, also, *Llewellyn Iron Works* v. *Abbott Kinney Co.*, 172 Cal. 210, and cases collated at page 214 [155 Pac. 986].)

The transactions herein relating to the lease culminated with a purported assignment of the lease to an insolvent individual not a party to this action, and who described himself as a commission salesman selling gasoline for the Signal Oil and Gas Company exclusively. The evidence shows that appellants were continuing to occupy the premises and operate the service station up to the time of trial, and this assignment was to avoid liability on the lease.

In view of our conclusion that appellants have occupied the premises in question up to the time of trial, that privity of estate, as well as the express agreements above quoted, so definitely establishes the correctness of the trial court's determination that they are liable that we deem it needless to discuss the other points raised.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.